Robyn L. Aversa, Esq. (Bar ID# 039631988)
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL A. NAULT, | Civil Action No. |
| Plaintiff, | |
| v. | |
| IMPERIAL DADE, | **NOTICE AND PETITION OF REMOVAL** |
| Defendant. | **OF CASE FROM THE SUPERIOR** |
| | **COURT OF NEW JERSEY, SPECIAL** |
| | **CIVIL PART, HUDSON COUNTY** |

To: William T. Walsh, Clerk of Court
United States District Court for the District of New Jersey
M.L. King, Jr., Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Daniel A. Nault
181 S. Moetz Drive
Milltown, New Jersey 08850

Defendant Imperial Bag & Paper Co, LLC d/b/a Imperial Dade ("Defendant" or "Imperial"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a Case from the Superior Court of New Jersey, Special Civil Part, Hudson County, bearing Docket No. HUD-DC-006022-20, and as grounds for removal allege as follows:

1. On June 24, 2020, Plaintiff Daniel A. Nault ("Plaintiff") filed a civil action captioned Daniel A. Nault v. Imperial Dade, Docket No. HUD-DC-006022-20, in the Superior Court of New Jersey, Special Civil Part, Hudson County. A true and correct copy of the summons and complaint are annexed hereto as Exhibit A.

2. Imperial received a copy of the summons and complaint on July 9, 2020, within thirty (30) days of the filing of the notice and petition for removal.

3. This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446. Imperial has effected removal within thirty (30) days of receipt of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. § 1446.

4. Imperial has not filed an answer or other pleading in the Superior Court of New Jersey.

5. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

6. A defendant has an absolute right to remove any action filed in state court over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). This includes civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

7. Ordinarily, determining whether a particular case arises under federal law turns on the "well-pleaded complaint rule." Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1 (1983). The Supreme Court has explained that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statues [,] … must be determined from what necessarily appears in the

plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 75-76 (1914).

8. There is an exception, however, to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id.

9. It is well-established that ERISA is one of the statutes to which the complete preemption doctrine applies as an exception to the well-pleaded complaint rule. See Aetna Health Inc. v. Davila, 542 U.S. 200 (2004).

10. Here, notwithstanding Plaintiff's characterization of his claim as a tort claim, Plaintiff's claim arises under ERISA. In his Complaint, Plaintiff alleges that he is entitled to a 401K match of $3,529.00 from Defendant. (See Exhibit A). As such, because ERISA completely preempts Plaintiff's state law claim, it is necessarily federal in character such that removal based on federal question jurisdiction is appropriate.

11. In sum, this Court has original jurisdiction over Plaintiff's claims by virtue of the fact that they relate to an employee benefit plan covered by ERISA. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

12. To the extent that any of Plaintiffs' claims do not relate to an employee benefit plan covered by ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).

13. Imperial submits this Notice without waiving any defenses to the claims asserted by Plaintiff, including improper service of process or Plaintiff's failure to state any claims upon which relief may be granted.

14. Venue is proper in this Court.

15. Pursuant to 28 U.S.C. § 1446(d), Imperial has given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Special Civil Part, Hudson County.

WHEREFORE, Imperial respectfully requests that the within action, now pending in the Superior Court of New Jersey, Special Civil Part, Hudson County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By: /s/ Robyn L. Aversa
    Robyn L. Aversa

ATTORNEYS FOR DEFENDANT

Dated: July 20, 2020